T.C. Summary Opinion 2001-145

UNITED STATES TAX COURT

JOHN R. JOHNSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8535-00S.                    Filed September 18, 2001.

John R. Johnson, pro se.

<u>Carina J. Campobasso</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]    Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $742 and $3,068 in petitioner's 1997 and 1998 Federal income taxes, respectively. The issue is whether petitioner is entitled to dependency exemption deductions for any of his children during 1997 and 1998. Petitioner resided in Milford, Maine, at the time he filed the petition in this case.

Petitioner and his former wife were divorced in 1990. From what is in the record, in the earlier years the divorce was not a pleasant affair. Petitioner had three children from this marriage (Tracey, Meghan, and Candace). The original divorce decree, dated September 21, 1990, provides:

> The Court awards to the parties shared parental rights and responsibilities as to the minor children * * *. The primary physical residence of the children shall be with the * * * [former wife]. * * * [Petitioner] shall have the right to be visited by the minor children at all reasonable times * * *.

The divorce decree was amended on January 7, 1992, to provide that

> "reasonable times" * * * shall be defined to include at least that period during the three consecutive days off * * * that * * * [petitioner] has in his current employment schedule * * *.

It is not disputed that petitioner paid more than half of the support for the children during the years before the Court. The original divorce decree provided that petitioner would pay $148.72 per week for child support. On January 28, 1993, by

court order, that amount was reduced to $100 per week because Candace was living at petitioner's residence.

According to petitioner and his former wife, the children's primary residence over the years in issue was fluid. One child would get angry with one parent and move in with the other parent. This was done apparently without specific authorization by the court; it is clear from the court's January 28, 1993, order, however, that the court was aware of and approved of the relatively fluid state of affairs.

For the taxable years 1997 and 1998, petitioner filed his returns as a head of household and claimed dependency exemption deductions for all three children. On examination for the 1997 return, respondent disallowed one dependency exemption deduction. With respect to the 1998 return, respondent disallowed all three of the claimed dependency exemption deductions.

Section 151(c) allows a taxpayer to deduct an exemption amount for each dependent as defined in section 152. Section 152(a)(1), inter alia, defines a dependent as a daughter "over half of whose support * * * was received from the taxpayer (or is treated under subsection * * * (e) as received from the taxpayer)". In relevant part, subsection (e) provides that in the case of divorced parents "the parent having custody for a greater portion of the calendar year" is treated as having supplied over half of the support. Sec. 152(e)(1).

Section 1.152-4(b), Income Tax Regs., provides that custody

will be determined by the terms of the most recent decree of divorce * * *. * * * [I]f * * * a decree * * * [does not establish] who has custody, * * * "custody" will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year.

While section 152(e)(2) provides that a custodial parent under section 152(e)(1) may agree that the noncustodial parent may claim a dependency exemption, the requirements of that exception are not satisfied here.

Respondent focuses on the original divorce decree that provided that the primary physical residence for the children would be with the former wife. But, as far as this record is concerned, that decree was not the most recent court action with respect to the custody issue as it related to all the children. In January 1993, the court recognized that one of the children (Candace) was living with petitioner and approved that arrangement.

We realize that there may have been other custodial arrangements during the years that would render the January 1993, court order stale, but, by the same token, such arrangements would also render the original divorce decree stale. On the other hand, if we conclude that the decree does not establish which parent had custody, it seems quite apparent from the testimonies of petitioner and his former wife that petitioner had physical custody of one of the children for the greater portion

of each year in issue. The record, however, does not support a finding that petitioner had custody of all three children for the greater portion of both years.

With this in mind, we turn to the 1997 year. Respondent only disallowed one of the three claimed dependency exemption deductions. We sustain respondent's determination. With regard to the 1998 year, petitioner again claimed three dependency exemption deductions that respondent disallowed in full. We find that petitioner has established that he is entitled to one dependency exemption deduction for 1998.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.